THE NEW YORK BALANCE DOCK COMPANY, Respond-
ENT, *v.* THE MAYOR, Etc., OF NEW YORK, AND THE
DEPARTMENT OF PUBLIC CHARITIES AND COR-
RECTION, Appellants.

*Department of public charities and correction, New York — can neither sue nor be sued.*

Appeal from a judgment entered at Special Term in favor of
the plaintiff against the defendants.

The plaintiff seeks to recover in this action a balance due for
work done upon the school-ship Mercury. The bill for the whole
service has never been disputed. It was duly certified to the
comptroller for payment by the commissioners of charities and
correction, by whom the plaintiff was employed, and a bill or
requisition for its amount was presented to him on the 24th of
May, 1873, at which time the amount to the credit of the depart-
ment of the commissioners named was more than sufficient to pay it.

On the 18th of March, 1875, there was an unexpended balance
of the appropriations for 1873, amounting to the sum of $1,392.47,
which was paid on account of the plaintiff's claim, which was thus
acknowledged to be correct.

The court at General Term say : " With this array of fact, it
seems strange that the interposition of any defense should have
been considered necessary. The proposition that the appropria-
tion was exhausted when this action was commenced, is hardly
worthy of serious consideration in face of the fact, that when the
plaintiff's claim, justly due, was presented for payment, and when
it should have been paid, as this action demonstrates, there was an
excess of funds belonging to the appropriation over and above its
amount.

" It then became the duty of the comptroller, at once, to set aside
the amount necessary to meet it, if, for any just reason, its payment
was to be deferred, for the requisition mentioned was an equitable
assignment *pro tanto* of the funds of the department of which he
was the depositary. (*Hall* v. *City of Buffalo,* 1 Keyes, 193 ; *Parker*
v. *City of Syracuse,* 31 N. Y., 379.) This defense fails utterly.

There is, however, substance in the proposition that the commissioners of charities and correction should not have been joined in this action, and that judgment should have been in their favor.

" They constitute only a branch of the city government, a part of the municipality appointed by its officers, with some independent powers, but nevertheless in the main, subservient to and under the supervision and control of the general government. They have no corporate rights. They can neither sue nor be sued. They form a department merely as suggested, for the expense of which the city government provides, but they make no payments other than by requisition or drafts upon the sums appropriated to their use, and held for them by the defendants, The Mayor, etc., which are to be honored by the comptroller in the manner prescribed by law. (Chap. 510, Laws of 1860; chap. 335 [Charter], Laws of 1873, §§ 25, 26, 27, 28, 29, 90, 91, 112.)

" The independent powers exercised are conferred to enable the municipality more perfectly to discharge its varied and important duties, and to that end the commissioners are required to make proper estimates of the money needed, and in the several matters pertaining to their domain to do what is authorized, drawing upon the fiscal officer of the corporation to the extent only in the aggregate of the sums appropriated for their use, being thus restricted in expenditure to prevent useless or extravagant outlays.

" When, therefore, the requisition was made for the plaintiff, or the bill certified to be correct by the commissioners in the usual manner, they did all that they could be called upon to do for the plaintiff, and no action or proceeding was necessary or proper against them.

" The duty was then cast upon the finance department to examine and pay the bill, or to resist its payment, if there existed any good reason why it should not be paid. If no such reason existed, it should have been paid.

" The result of these views is, however, that the judgment must be reversed as to the commissioners, and affirmed as to the defendants The Mayor, etc."

*Wm. C. Whitney*, for the appellants.    *R. W. De Forrest*, for the respondent.

Opinion by BRADY, J.; DAVIS, P. J., and DANIELS, J., concurred in result.

Judgment reversed as to commissioners and affirmed as to The Mayor, etc.